IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NAVEED SARWARI
    Plaintiff,

v.                                                    Civil Case No. 3:14-cv-398

UNITED STATES OF AMERICA
    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's Motion to Transfer Venue. (Dk. No. 3.) Naveed Sarwari ("Sarwari"), sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for injuries arising from a vehicle accident near Playas, New Mexico. The United States asks the Court to transfer the case to the District of New Mexico or, alternatively, the Alexandria Division of the Eastern District of Virginia.

The parties agree that Sarwari could have brought the claim in either of those venues; indeed, Sarwari admits he filed in the Richmond Division erroneously. Under Local Rule 3(C), this Court may "transfer an action from a division in which venue is improper to a division in which venue properly lies." *Sicienski v. Saxon Mortg. Svcs., Inc.*, No. 3:07-cv-243, WL 2071711 (July 11, 2007). Therefore, under the background assumption that venue should lie in the Alexandria Division, the Court need only determine whether the convenience and justice of transferring to New Mexico outweighs the burdens of doing so.

Because convenience and justice favor Alexandria, the Court GRANTS the United States' motion to transfer venue and TRANSFERS the case to the Alexandria Division of the Eastern District of Virginia.

## I. BACKGROUND

On September 26, 2011, Sarwari and several other civilian contractors participated in a military training exercise with U.S. Navy SEALS at the Playas Training Center in Playas, New Mexico. While driving on washed out back country roads, the military vehicle in which Sarwari rode overturned. (Compl. ¶ 4, 9.) After the Judge Advocate General's Tort Claims Unit denied his claim for redress, Sarwari brought suit under the FTCA, which provides a cause of action against the United States for state-law tortious injuries caused by government employees acting within the scope of their duties. (Compl. ¶ 1, 7, 8.) Although a resident of Stafford County, Virginia, which is located within the Alexandria Division of the Eastern District of Virginia,[1] Sarwari filed this action in the Richmond Division. (Compl. ¶ 2.) The United States moved to transfer the action to either the District of New Mexico or the Alexandria Divison. (Dk. No. 4, Def.'s Mem. 1-2.) Sarwari agrees he filed in the wrong division, but urges the Court to transfer this case to Alexandria, not New Mexico. (Dk. No. 5, Pl.'s Mem. Opp'n 1.)

## II. STANDARD OF REVIEW

Venue for FTCA claims is proper in the judicial division where the plaintiff resides or the acts or omissions at issue occurred. *See* 28 U.S.C. § 1402(b).[2] When a plaintiff brings an action in the wrong division, a court may dismiss or transfer to a district or division where it originally could have been brought. 28 U.S.C. § 1406(a). Courts in this District consider not only the "interest of justice" when considering dismissal or transfer, *id.*, but also party and witness convenience, *see Wood v. Barnette, Inc.*, 638 F. Supp. 936, 941 (E.D. Va. 1986).

---

[1] *See* Local Rule 3(B)(1) ("The Alexandria Division shall consist of the City of Alexandria and the Counties of Loudoun, Fairfax, Faquier, Arlington, Prince William, and Stafford and any other city or town geographically within the exterior boundaries of said counties.").

[2] This Court construes the term "district" in § 1402(b) as though replaced with the term "division." *See* Local Rule 3(C).

2

## III. DISCUSSION

"Witness convenience is often the most important factor" when considering a transfer of venue. *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d. 473, 477 (E.D. Va. 2007). The United States argues that New Mexico would be more convenient for the medical personnel who responded to the accident in Playas and treated Sarwari in Tucson, Arizona, but none of those individuals witnessed the accident. (Dk. No. 4, Def.'s Mem. 5-6.) And though the United States puts forth several witnesses who were involved in the training exercise, none of those individuals lives in New Mexico; instead, they live or work in California, Arkansas, and Virginia.[3] (*Id.* at 5.) The United States suggests that New Mexico presents a less inconvenient venue for these non-party witnesses. The Court disagrees. At least one identified witness currently resides in the Eastern District of Virginia, and no identified witnesses reside in the District of New Mexico. Accordingly, witness convenience counsels in favor of the Alexandria.

With respect to party convenience, the United States argues that, beyond Sarwari's residence, the Eastern District of Virginia has no contacts relevant to his claim; thus, his choice of forum should receive little weight. (Dk. No. 4, Def.'s Mem. 4.) Though that may be true with respect to the Richmond Division, not so with Alexandria. That venue encompasses not only Sarwari's home, which Congress identified as sufficient for laying venue under the FTCA, but also the Pentagon, which presumably houses military personnel whose experience with the exercises and vehicle that gave rise to this claim would be useful for litigating Sarwari's claim. Most importantly, transfer to the District of New Mexico would impose significant burdens and

---

[3] Although the government argues that neither the California nor the Arkansas-based witnesses would be subject to this Court's subpoena power under Rule 46(c), *none* of the identified witnesses would be subject to subpoena in the District of New Mexico. Only the as-yet-identified medical personnel could potentially be subpoenaed in New Mexico, assuming they still live there.

costs on Sarwari and almost none on the United States. The Court finds that party convenience counsels in favor of Alexandria.[4]

Finally, regarding the interest of justice, the United States urges the Court to transfer the action to the court with the most familiarity with New Mexico tort law. (Dk. No. 4, Def.'s Mem. 7.) Under the FTCA, a court is to apply "the law of the place where the act or omission" giving rise to the claim took place. 28 U.S.C. § 1346(b). This Court lacks knowledge of the idiosyncrasies of New Mexican tort law, but other district courts from across the country appear to have navigated that terrain without incident. *See, e.g., Harrell v. G4S Secure Solutions, Inc.*, No. 4:12-cv-569, 2012 WL 1745783 (N.D. Ala. May 14, 2012); *Matoga v. Christopher*, No. 08-2404, 2010 WL 4450545 (D. Minn. Nov. 1, 2010); *Gopysingh v. Santiago*, No. 00 CIV 2951, 2002 WL 1586885 (S.D.N.Y. July 17, 2002). The Court finds that this factor weighs negligibly, if at all, in favor of New Mexico.

## IV. <u>CONCLUSION</u>

After weighing the interest of justice and convenience to the parties and witnesses, the Court finds that a short drive up I-95, rather than a cross-country flight, is warranted in this case. Accordingly, the Court GRANTS the United States' motion to transfer and DIRECTS the Clerk to TRANSFER this action to the Alexandria Division of the Eastern District of Virginia.

It is SO ORDERED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

---

[4] The United States makes much of the fact that the accident took place in New Mexico, and so the ability to view the accident site weighs in favor of transfer there. (Dk. No. 4, Def's Mem. 6.) As Sarwari argues, however, the effect of three years' weathering on isolated terrain likely diminishes that benefit. (Dk. No. 5, Pl.'s Mem. Opp'n 2-3.) The Court finds that access to the accident site weighs neither in favor of nor against either New Mexico or Alexandria.

Date: October 30, 2014
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

5